UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dustin DeYoe and Christine DeYoe,<br><br>                                        Plaintiffs,<br><br>   – against–<br><br>Barclays Bank Delaware, and TransUnion, LLC,<br><br>                                        Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiffs, Dustin DeYoe and Christine DeYoe (hereinafter "Plaintiffs"), by and through their attorney, by way of Complaint against Defendants, Barclays Bank Delaware ("Barclays"), and TransUnion, LLC ("TransUnion"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

1. Plaintiffs, Dustin DeYoe and Christine DeYoe, are adult citizens of the state of Pennsylvania.

2. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

1

3. Defendant Barclays does business throughout the country and in the state of Pennsylvania. Barclays is a "furnisher" of consumer credit information as defined in 15 U.S.C. § 1681(2).

4. Defendant TransUnion is a limited liability company, doing business throughout the country and in the state of Pennsylvania. TransUnion is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court without regard to the amount in controversy.

6. Venue is also proper to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Pennsylvania.

## FACTUAL ALLEGATIONS

7. Defendant Barclays issued an account ending in -57606271 to Plaintiffs. The account was routinely reported on Plaintiffs' consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1).

9. On or about July 1, 2019, Plaintiffs and Barclays entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A**.

10. Pursuant to the terms of the settlement, Plaintiffs paid, and the creditor accepted, payments totaling $2,935.00 to settle and close their Barclays account.

11. Plaintiffs, via their debt settlement representative, timely made the requisite settlement payments.

12. However, over six months later, Plaintiffs' Barclays account continues to be negatively reported.

13. In particular, on a requested credit report dated August 20, 2020, Plaintiffs' Barclays account was reported with a status of "CHARGE OFF," a balance of $5,117.00, and a past due balance of $5,117.00. The relevant portion of Plaintiffs' credit report is attached hereto as **Exhibit B**.

14. This tradeline was inaccurately reported. As evidenced by the enclosed Exhibits, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

15. On or about September 22, 2020, Plaintiffs, via their attorney, notified Defendants of a dispute with completeness and/or accuracy of the reporting of Plaintiffs' Barclays account. A redacted copy of this is attached hereto as **Exhibit C**.

16. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by Barclays to the Consumer Reporting Agencies via regular mail in accordance with 15 U.S.C. § 1681i.

17. In November of 2020, Plaintiffs requested updated credit reports for review. The tradeline for Plaintiffs' Barclays account remained inaccurate as Defendants failed to correct the inaccuracy. The relevant portion of the November 2020 credit report is attached hereto as **Exhibit D.**

18. TransUnion did not notify Barclays of the dispute by Plaintiffs in accordance with the FCRA or, alternatively, did notify Barclays and Barclays failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit report.

19. If Barclays had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' Barclays account would have been updated to reflect a "settled" status with a balance of $0.00.

20. Despite the fact that Barclays has promised through its subscriber agreements or contracts to accurately update accounts, Barclays has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA which has resulted in the intended consequences of this information remaining on Plaintiffs' credit report.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit report concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment and under the direct supervision and control of the Defendants.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal law and the rights of the Plaintiffs.

## CLAIM FOR RELIEF

24. Plaintiffs reasserts and incorporates herein by reference all facts and allegations set forth above.

25. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

26. Barclays is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. Barclays is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a.

28. Plaintiffs notified Defendants of a dispute on the account's completeness and/or accuracy.

29. Barclays failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

30. Barclays failed to promptly modify the inaccurate information on Plaintiffs' credit reports in violation of 15 U.S.C. § 1681s-2(b).

31. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

32. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the account in question thus violating 15 U.S.C. § 1681e(b).

33. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiffs demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**The Law Offices of Robert S. Gitmeid & Associates., PLLC**
*/s/Mariellen C. Edinburg, Esquire*
MARIELLEN C. EDINBURG, ESQUIRE (#326917)
3411 Silverside Road
Baynard Building, Suite 104-204
Wilmington, DE  19810
(212) 226-5081 ext 5663
*Attorney for Plaintiffs*